**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4346**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEESHA ELAYNE FRYE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00115-WO-1)

Submitted:  March 28, 2019                           Decided:  May 20, 2019

Before WILKINSON, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Douglas E. Kingsbery, THARRINGTON SMITH LLP, Raleigh, North Carolina, for Appellant.  Richard E. Zuckerman, Principal Deputy Assistant Attorney General, S. Robert Lyons, Stanley J. Okula, Jr., Alexander P. Robbins, Gregory S. Knapp, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Matthew G.T. Martin, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keesha Elayne Frye appeals her convictions for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), aiding and assisting in preparing false tax returns, in violation of 26 U.S.C. § 7206(2) (Counts 2-4, 6-11, 15, and 17-21), and subscribing to false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 33 and 34). Frye contends that she has been denied the right to meaningful appellate review and that the evidence was insufficient to convict her of Counts 33 and 34. We affirm.

Frye contends that she has been denied meaningful appellate review because all copies of the redacted indictment given to the jury were destroyed. Because of this omission, Frye argues that it is impossible to decipher the jury's verdict form, to review the district court's jury instructions, and to determine whether the indictment was constructively amended in violation of her Fifth Amendment rights.

The district court, however, subsequently located a copy of a redacted indictment. In a written order, the court found that this indictment "appears to this court to be a copy of either the final redacted version of the Superseding Indictment submitted to the jury or a very close approximation thereof." Suppl. App'x at 2. The court wrote that it "believe[d]" the document was a copy of the indictment submitted to the jury. *Id.* And it stated several times during a hearing that the document was very probably the one that the jury saw. *Id.* at 21 ("I am . . . 80 to 90 percent satisfied that this is the original indictment that was redacted and the one from which copies were made to send back to the jury."); *id.* at 30 ("I'm 99 per cent certain it's very close, if not identical, to what went back, but it wasn't found under circumstances where I can say 100 percent certainty. Is it 90 percent,

2

80 percent? I don't know. I'm confident. Am I fully satisfied and entirely convinced? Probably, but I'd rather have to judge it on a reasonable doubt standard.").

Based on the totality of the circumstances, we conclude that this version was very likely the version given to the jury. We note that the unearthed indictment reflects amendments made just before closing arguments. Further, we believe deference is due to the district court's statements regarding its confidence that this indictment reflects the one submitted to the jury. To support her claim that review is impossible, however, Frye has offered nothing but speculation that a different copy of the indictment could have been submitted. We therefore conclude that Frye has not shown that she has been denied meaningful appellate review. *See United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999) ("[W]hether an omission from a transcript warrants a new trial depends on whether the appellant has demonstrated that the omission specifically prejudices [her] appeal." (internal quotation marks omitted)).

Next, we review de novo the sufficiency of the evidence supporting a conviction. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). A defendant challenging evidentiary sufficiency carries "a heavy burden." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). We will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014) (emphasis and internal quotation marks omitted).

3

Frye contends that the evidence was insufficient to convict her of Count 33 because the government showed, at most, that the name of the childcare provider on her 2010 tax return was incorrect, and that this is not a material falsehood because Frye had child and dependent care expenses incurred from another provider. We conclude, however, that a rational juror could have found Frye guilty of Count 33 beyond a reasonable doubt. A "defendant's credibility is a material consideration in establishing guilt, and if a defendant takes the stand and denies the charges and the jury thinks [s]he's a liar, this becomes evidence of guilt to add to the other evidence." *United States v. Burgos*, 94 F.3d 849, 868 (4th Cir. 1996) (en banc) (brackets, ellipsis, and internal quotation marks omitted). Here, the jury was free to disbelieve Frye's testimony in light of the extensive evidence of Frye's fraudulent conduct in other matters presented at trial. Thus, this claim is without merit.

Frye also contends that the evidence was insufficient to convict her of Count 34 because the government failed to show that Frye personally signed her 2012 tax return before it was filed. Frye first argues that the mere entry of Frye's personal identification number (PIN) is insufficient to show that she signed her return because Form 8879, the form authorizing e-filing, was unsigned. But we believe a rational juror could conclude that the presence of Frye's PIN, a unique identifier, on her return was sufficient to show that Frye signed her return. Frye further argues that the evidence was insufficient to convict her of Count 34 because her tax preparer signed Frye's return, not Frye. Frye's explanation, proffered at trial, is plausible, and a rational juror could have accepted this explanation. Yet equally plausible is that Frye knowingly participated in the fraud and signed her tax return with her PIN. Ultimately, "it was the responsibility of the jury to weigh the evidence

4

and determine which version to believe." *United States v. Stockton*, 349 F.3d 755, 761 (4th Cir. 2003). The jury here elected to discredit Frye's testimony on this point, and we are bound to accept that decision. *See United States v Roe*, 606 F.3d 180, 186 (4th Cir. 2010).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*